# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ZARAGOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-04000-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On May 30, 2017, Nicole Zaragoza ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on September 11, 2017. On November 28, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 27 year-old female who applied for Social Security Disability Insurance benefits on March 24, 2014, alleging disability beginning August 22, 2012. (AR 13.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 22, 2012, the alleged onset date. (AR 15.)

Plaintiff's claim was denied initially on May 2, 2014, and on reconsideration on May 29, 2014. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Richard T. Breen on March 10, 2016, in West Los Angeles, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Medical expert ("ME") Irving Kushner, M.D. and vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on March 24, 2016. (AR 13-20.) The Appeals Council denied review on May 11, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly rejected Plaintiff's testimony regarding pain and functional limitations.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 22, 2012, the alleged onset date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: rheumatoid arthritis. (AR 15-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.)

The ALJ then found that Plaintiff had the RFC to lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk up to two hours in an eight-hour workday (no more than thirty minutes at a time), and sit up to six hours in an eight-hour workday, with no more than occasional use of the bilateral lower extremities for foot controls; no more than occasional overhead reaching with the right upper extremity; no more than frequent handling and fingering with the bilateral upper extremities; no climbing ladders, ropes, or scaffolds; no more than occasional kneeling, crouching, crawling, or climbing ramps or stairs; and no more than frequent balancing or stooping. (AR 16-19.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 17.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an appointment clerk. (AR 19-20.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 20.)

## DISCUSSION

The ALJ decision must be affirmed. Plaintiff alleges that she is limited in her ability to work due to rheumatoid arthritis causing joint pain at the shoulders, wrists, hands, and hips. (AR 17.) Plaintiff does not challenge the ALJ's consideration of the medical evidence. She challenges only the ALJ's adverse credibility finding. The ALJ, however, discounted Plaintiff's subjective symptom allegations, to the extent inconsistent with the ALJ's RFC, for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

**I.      THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS**

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 17.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her alleged symptoms were "not entirely credible." (AR 17.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom

allegations.  Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).  The ALJ did so.

First, Plaintiff failed to meet her burden to submit evidence of alleged pain in her shoulders, hands, and wrists.  (AR 18.)  Social Security Regulations mandate that a claimant must prove, not merely allege, disability.  20 C.F.R. § 404.1512(a); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability" and "Failure to provide disability justifies a denial of benefits").  Here, the ALJ observed that the record does not contain imaging studies of the shoulders, hands, or wrists and without such evidence, "I cannot determine the extent to which, if any, the claimant's pain at these joints can be attributed to anatomical abnormalities."  (AR 18.)  Plaintiff does not offer any objective medical evidence regarding Plaintiff's shoulders, hands, and wrists but only her own subjective statements of pain, which are legally insufficient to establish disability.[1]  20 C.F.R. § 404.1529(a) (claimant's statements about pain or other symptoms will not alone establish disability).[2]  The ALJ nonetheless accommodated Plaintiff's complaints about her hand and shoulder pain in his RFC.  (AR 19.)

Second, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence.  (AR 18, 19.)  An ALJ is permitted to consider whether

---

[1] Plaintiff offers a long list of record citations to her rheumatoid arthritis (JS 10:23-25), but these citations mainly concern other body impairments, not her shoulders, hands, and wrists. No citation mentions her wrists. There are two citations concerning her shoulders (AR 222, 350) and one concerning her hands (AR 287), but these citations merely record her complaints to her physicians.  No objective medical evidence appears in the above citations regarding her shoulders, hands and wrists nor any assessment of an impairment.

[2] Plaintiff argues that the ALJ is not a medical expert and lacks the expertise to determine whether Plaintiff's anatomical abnormalities are in line with her complaints.  This assertion is misplaced because the ALJ is not rendering a lay medical opinion or making a medical determination, but a RFC assessment (AR 19) that is an administrative finding or legal opinion based on all the relevant evidence in the medical records, including medical evidence and subjective symptoms such as pain reasonably attributable to a medical condition. See SSR 96-5p; 20 C.F.R. § 1527(e).  The ALJ is legally charged with the responsibility of evaluating all the medical and non-medical evidence within the record in assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c).

there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, an MRI of the right hip in November 2011 revealed evidence of bilateral hip effusion, but the joint effusions were small and the remainder of the study was normal. (AR 17, 18.) An X-ray of the right knee showed small to moderate joint effusion, but there was no evidence of any significant bony abnormality (fracture or dislocation) or degenerative change (joint space narrowing). (AR 18.) Plaintiff's rheumatologist Dr. Yoon Min [Lim] observed tenderness and reduced range of motion at the joints but also observed a mostly normal gait, and normal motor strength and sensation at the extremities. (AR 18.) Dr. Min imposed no work restrictions. (AR 19.) In May 2014, the attending physician at Henry Mayo Newhall Memorial Hospital observed abnormal functioning of the right knee, but he also observed a full range of motion at the bilateral hips and ankles and normal motor strength at the upper and lower extremities. (AR 18.) Two State agency reviewing physicians opined Plaintiff could perform a reduced range of light work. (AR 19.) Plaintiff does not discuss or even mention these RFC assessments. The ALJ summed up the objective medical evidence, which he said shows a history of pain and swelling at the joints and anatomical abnormalities and functional limitations of the lower extremities, but otherwise mostly normal cardiovascular, musculoskeletal, neurological, and respiratory functioning. (AR 19.) The ALJ concluded that cumulatively the objective medical evidence does not support a finding that Plaintiff is unable to work (AR 18) and thus assessed Plaintiff with an RFC for a reduced range of sedentary work. (AR 16, 19.)

Third, the ALJ found that Plaintiff has received routine, conservative treatment that has resulted in improvement in her symptoms. (AR 18-19.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Here, Dr. Min prescribed medications for joint pain such as Humira, Naproxen, Vicodin, and Vitamin D. (AR 18.) He also administered cortisone injections and infusion therapy. (AR 18.) Plaintiff consistently told Dr. Min that the injections and infusion therapy were helpful. (AR 18.) She said a right hip injection reduced her pain and she felt about 50% better. (AR 18.) Injections to her right

elbow, left knee and left foot helped significantly. (AR 18.) Impairments that can be controlled effectively by medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ concluded that the evidence of improvement with routine treatment suggests Plaintiff's symptoms were not as serious as she alleged.[3] (AR 19.)

Fourth, the ALJ found that Plaintiff did not comply with her treating physician's recommendations. (AR 18-19.) An ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a treatment regimen in evaluating credibility. Tommasetti, 533 F.3d at 1039. Here, Dr. Min noted on several occasions Claimant did not take her medications as prescribed. (AR 18.) She had stopped using Humira after her last visit and was not taking the recommended dosage of Vitamin D. (AR 18.) In October 2014, Dr. Min indicated he had not seen the Claimant for approximately nine months and she had not followed up as instructed. (AR 18-19.) In October 2015, Claimant told Dr. Min that her pain increased after she stopped taking Naproxen. (AR 19.) The ALJ reasonably concluded that Claimant's failure to comply with treating recommendations suggests that her symptoms were not as serious as she alleges. (AR 19.)

Plaintiff disagrees with the ALJ's interpretation of the record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"). The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

---

[3] Plaintiff contends that she was treated with strong medications that cannot be considered conservative treatment, citing Huerta v. Astrue, 2009 WL 2241797, at *4 (C.D. Cal. July 22, 2009), in which a series of epidural steroid injections in the spine were administered. Plaintiff, however, does not cite to any epidural steroid injections in the spine and the ALJ decision does not cite such treatments. Even if some of the medication could be considered not conservative, the ALJ made specific findings that Plaintiff experienced substantial improvement from her medication therapy that permitted her to work. See Warre, 439 F.3d at 1006.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 23, 2018                     */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE